IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02289-GPG

MARK A. ESQUIBEL,

      Plaintiff,

v.

OFFICER WILLIAM CÁRDENAS, Individual and Official Capacity, and
OFFICER DAN SMITH, Individual and in his Official Capacity,

      Defendants.

---

ORDER OF DISMISSAL

---

      Plaintiff Mark A. Esquibel is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley Correctional Facility in Olney Springs, Colorado.   Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 that challenges his alleged false arrest and imprisonment.   Plaintiff also claims that he was subjected to an illegal search, to racial profiling, to an interrogation in violation of *Miranda*, and to a violation of his due process right to freedom of travel.   Plaintiff seeks money damages and declaratory and injunctive relief.

      Magistrate Judge Gordon P. Gallagher reviewed the Complaint and found that Plaintiff's false arrest and false imprisonment claims accrued on April 9, 2010, when the judge determined probable cause did not exist to arrest or detain Plaintiff and his unlawful search claim accrued at the time it occurred on November 20, 2009.   ECF No. 9 at 2. Magistrate Judge Gallagher further determined that to the extent any part of Plaintiff's

1

claims may be construed as malicious prosecution claims, or a Fifth Amendment claim based on a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), the claims for damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).   Plaintiff, therefore, was directed to respond and show cause why this action should not be dismissed, because more than two years have passed since the action accrued regarding the alleged false arrest, search and seizure, and imprisonment claims and any claim for damages challenging the validity of Plaintiff's state court conviction, as it may pertain to a malicious prosecution, and *Miranda*, is barred by the rule in *Heck*.

On December 28, 2015, Plaintiff filed a Response to the Order to Show Cause and an Amended Prisoner Complaint.   Except for the removal of paragraph no. 8 and the change of the wording in paragraph no. 21, which was paragraph no. 22 in the original Complaint, the Amended Complaint appears to be exactly the same as the original Complaint filed on October 15, 2015.   Paragraph no. 8 stated that, "Plaintiff has been and continue [sic] to be damaged by Defendants' false arrest/unlawful seizure of him." ECF No. 1 at 7.   The new paragraph no. 21, on Page Nine, in the Amended Complaint states, "Plaintiff has been damaged by the Defendants illegal search of him violating his fourth [sic] Amendment right against such."   ECF No. 11 at 9.   It appears that the changes Plaintiff made in the Amended Complaint are in support of his arguments in the Response, one of which is he is not challenging his conviction.

In the Response, besides stating that he is not challenging his underlying conviction, he also states that he is not challenging the length of his incarceration, and he is not seeking release.   ECF No. 12 at 1.   Plaintiff also contends in the Response that in August 2015 he reviewed the "motion hearing transcripts" and "came to understand" that

he could seek damages solely on the warrantless illegal arrest, illegal search without

probable cause, and racial discrimination by Officers Dan Smith and William Cárdenas.

*Id.* at 2.   Plaintiff further contends that because the claims he raises in this action directly

relate back to the claims he raised in *Esquibel v. Bechtel, et al.*, No. 10-cv-01279-ZLW (D.

Colo. Aug. 5, 2010), he has shown cause for proceeding in this action.   ECF No. 12 at 3.

Magistrate Judge Gallagher's findings in the December 1, 2015 Order to Show

Cause are set forth below.

Plaintiff's claims in this action arise out of his arrest on November 20, 2009.   Because Plaintiff was arrested without a warrant, *see* Compl., ECF No. 1, at 5-6, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest."  *Gerstein v. Pugh*, 420 U.S. 103, 113-14 (1975).   "[T]he Fourth Amendment usually requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest," *Gerstein*, 420 U.S. at 114.   A conviction, however, will not be vacated solely because a defendant was detained pending trial without a determination of probable cause.   *Gerstein*, 420 U.S. at 119; *United States v. Aranda-Hernandez,* 95 F.3d 977, 979-80 (10th Cir. 1996), *cert. denied* 520 U.S. 1144 (1997).

Plaintiff asserts that on April 9, 2010, at a "motion hearing," a judge found he had been illegally searched in violation of his Fourth Amendment rights because there was no probable cause to search him, arrest him, and detain him. Compl., ECF No. 1, at 4-5.   Plaintiff further asserts that the judge found he was illegally interrogated on November 20, 2009, without a *Miranda* warning in violation of his Fifth Amendment rights.   *Id.* at 5-6.

To the extent Plaintiff intends to challenge his current incarceration based on Defendants' actions arising out of the November 20, 2009 arrest, search, and detainment, Plaintiff may not challenge the validity of his conviction based on his claim that he was detained pending trial without a determination of probable cause.   *Gerstein*, 420 U.S. at 119.   A claim that he continues to be damaged by Defendants false arrest and unlawful seizure of him, as it pertains to his current incarceration, is not properly raised in this action.

Second, an unlawful search claim accrues at the time it occurred, which was November 20, 2009.   *See Glaser v. City and County of Denver*, 557 F. App'x 689, 699 (10th Cir. Jan. 29, 2014); see also *Beck v. City of*

*Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) (stating that claims arising out of a search and seizure accrue when the actions occur). To the extent Plaintiff asserts claims of false arrest and false imprisonment, those claims accrued on April 9, 2010, when the judge determined probable cause did not exist to arrest or detain Plaintiff.   *See Wallace v. Kato*, 549 U.S. 384, 391 (2007) (statute of limitations in §   1983 action begins to run when an individual appears before an examining magistrate and the injury is known).

The limitation period for an action under 42 U.S.C. § 1983 is set by the personal injury statute in the state where the cause of action accrues. *Garcia v. Wilson*, 731 F.2d 640, 650-51 (10th Cir. 1984).   In Colorado, the limitations period for a personal injury action is two years. Colo. Rev. Stat. § 13-80-102.   Even § 1983 actions asserted against law enforcement officers are subject to the two-year limitation period pursuant to Colo. Rev. Stat. § 13-80-102(1)(g).   *See Nieto v. State*, 952 P.2d 834, 844 (Colo. App. 1997) (*rehr'g denied*), *reversed in part on other grounds*, 993 P.2d 493 (Colo. 2000).   Plaintiff filed this action on October 15, 2015, almost four years after the two-year statute of limitations expired on November 20, 2011.

The Court also notes that in 2010, Plaintiff filed a complaint that raised claims regarding the November 20, 2009 arrest, search and seizure, but that he failed to assert personal participation by the two named defendants, who were officers involved in the arrest, one of which, Defendant Smith, is named in this action.   *Esquibel v. Bechtel, et al.*, No. 10-cv-01279-ZLW (D. Colo. Aug. 5, 2010).

. . . .

"[W]hen a federal statute [42 U.S.C. § 1983] is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well . . . ."   *See Ehimeshoff v. Hartford Life & Accident Insurance Co., et al.,* — U.S. —, 134 S. Ct. 604, 616 (2013) (citing *Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980) (in § 1983 actions "a state statute of limitations and the coordinate tolling rules" are "binding rules of law").   The State of Colorado recognizes the doctrine of equitable tolling, which applies "when flexibility is required to accomplish the goals of justice."   *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) (quotations omitted).   Plaintiff does not allege that equitable tolling applies.   And, "[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."   *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

4

> Also, equitable tolling applies only when "plaintiffs did not timely file
> their claims because of 'extraordinary circumstances' or because
> defendants' wrongful conduct prevented them from doing so."  *Morrison*,
> 91 P.3d at 1053.

Show Cause Ord., ECF No. 9, at 2-3 and 5.   The Court agrees with Magistrate Judge

Gallagher's findings and addresses Plaintiff's Response below.

Because Plaintiff has stated in the Response that he does not intend to challenge

his underlying conviction or length of incarceration, or seek release, the Court finds *Heck*

*v. Humphrey*, 512 U.S. 477, 489 (1994), is not at issue in this case.   Plaintiff's basis for

allowing this action to proceed otherwise is deficient as explained below.

Equitable tolling applies only when a plaintiff fails to timely raise a claim because of

extraordinary circumstances or wrongful conduct by a defendant.   *Morrison*, 91 P.3d at

1053.   Plaintiff bears the burden of demonstrating that he had been pursuing his rights

diligently.   *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The fact that in August 2015, almost five years after Case No. 10-cv-01279-ZLW

was final, *see Esquibel v. Williamson, et al.*, No. 10-1357 (10th Cir. Dec. 3, 2010), Plaintiff

discovered a new claim for damages based on the same civil rights violations asserted in

Case No. 10-cv-01279-ZLW, without more, does not demonstrate due diligence in

pursuing his claims.

In fact, Plaintiff's argument that he did not know of the civil rights claims he

presents until August 2015 is foreclosed by the Tenth Circuit's order affirming the

dismissal of Case No. 10-cv-1279-ZLW.   In the December 3, 2010 Order the Tenth

Circuit stated that

> [a]lthough "a suit for damages attributable to an allegedly unreasonable
> search may lie even if the challenged search produced evidence that was

> introduced in a state criminal trial resulting in the § 1983 plaintiff's
> still-outstanding conviction," [*Heck v. Humphrey*, 512 U.S. 477, 487 n.7
> (1994)], the suit is cognizable only when the evidence would have been
> admissible despite the unlawful search or the conviction would have been
> obtained without the evidence, *see id.*; *Beck v. City of Muskogee Police
> Dep't*, 195 F.3d 553, 559 n.4 (10th Cir. 1999).

*Esquibel*, No. 10-1357 at 8.   Plaintiff was informed of a cognizable action at least with

respect to an unlawful search claim.   Plaintiff, therefore, did not exercise due diligence in

waiting over five years to present his claims to this Court.

Nonetheless, the Tenth Circuit's order indicates that Plaintiff conceded the actions

by defendants Smith and Todis, (Plaintiff asserts in this action that he misidentified

Defendant Cárdenas in Case No. 10-cv-1279-ZLW and should have named Mr.

Cárdenas as a defendant rather than Mr. Todis.), were the cause of Plaintiff's criminal

conviction, which renders the claims barred by *Heck*.   The Tenth Circuit stated as

follows.

> [Plaintiff's] own brief on appeal states that his "conviction aris[es] from
> police officer's violations of Plaintiff's Fourth, Fifth and Fourteenth
> Amendments on grounds that officers lacked reasonable suspicion
> unsupported by probable cause on which to detain and question Plaintiff,"
> Aplt. Br. at 6 ¶ 8, and that "[t]he Constitutional violations were central to the
> state criminal conviction," *id.* ¶ 9.   Based upon his own contention that
> Smith and Todis's alleged misconduct directly led to his conviction, his §
> 1983 claims against them are barred by *Heck* unless his conviction is set
> aside.

*Esquibel*, No. 10-1357 at 8.

As for Plaintiff's reliance on Fed. R. Civ. P. 15 for cause to proceed, it is not the

intent of Rule 15(c) to allow a party to wait five years after an action is dismissed and then

file a new action based on newly discovered violations against the same defendants.   A

new complaint does not relate back to a complaint filed in a previous action under Rule

15(c).   Such a reading of Rule 15(c) would circumvent the finality of an action and allow a plaintiff to challenge in a second action a final court decision entered in a previous case. Even if the Court were to find Plaintiff is able to bring a second action his claims are time barred for the reasons stated above.

Based on the above findings, Plaintiff has failed to assert any extraordinary circumstances or wrongful conduct by Defendants that would support equitable tolling. The complaint and action, therefore, will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and *in forma pauperis* status properly is denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that Complaint and action are dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) as time-barred.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED March 11, 2016, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court